## Proctor's Trustees *vs* Wadesworth.                 REPLEVIN.

ERROR TO THE MASON CIRCUIT.

*Fraudulent conveyances.   Bankrupt law.   Creditor.*      *Case* 108.

CHIEF JUSTICE EWING delivered the opinion of the Court.          *May* 4.

GEORGE M. PROCTOR, a merchant, about to fail, in   The case stated.
February, 1842, conveyed all his property to the plain-
tiffs, in trust, for the benefit of certain preferred credi-
tors.   In March, 1842, Adna A. Wadesworth, an officer
of the City of Maysville, levied an execution on a part of
the property so conveyed.   The trustees brought a suit in
replevin for the property levied on, and the officer avowed
the taking under the execution in his hands.   It was ad-
mitted that the conveyance in trust was *bona fide* and
valid, under the State laws, and further, it was admitted'
that Proctor had not, nor ever  intended to file a petition
for the benefit of the Bankrupt Act, and that though the
deed was executed on the 14th February, at the trial  of
this cause, on the 27th of August, following, no petition
had been filed or proceeding instituted, by any creditor,
against Proctor, for bankruptcy, and that the trustees and
*cestui que trusts* had no notice of any prior act of bank-
ruptcy, or of any intention on the part of Proctor to take
the benefit of the Bankrupt Act.

The Circuit Court determined that the conveyance fell
within the inhibition and  under the denunciation of the
second section of the act of Congress, establishing a uni-
form system of bankruptcy, (3 *Stat. Law,* 595,) and
so instructing the jury they  found a virdict for the defen-
dant, and from the judgment rendered thereon  the plain-
tiffs have appealed to this Court.

We cannot concur with the Circuit Court in the opin-
ion expressed.

The second section provides, " that all future payments,   The second sec-
securities, conveyances, or transfers of property, or agree-   tion of the Bank-
ments made or given by any  bankrupt, in *contemplation*   rupt Law of the
of bankruptcy, and for the purpose of giving any credi-    United States.

PROCTOR'S TRUS-
TEES
vs
WADESWORTH.

tor, endorser, surety, or any other person, any *preference* or *priority* over the general creditors of such bankrupt; and all other payments, securities, conveyances or transfers of property, or agreements made or given by such bankrupt, in *contemplation* of bankruptcy, to any person or persons whatever, not being a *bona fide* creditor or purchaser, for a valuable consideration, without notice, shall be deemed *utterly void* and a *fraud upon this act;* and the *assignee under the bankruptcy* shall be entitled to *claim, sue for, recover,* and *receive* the same as *part* of the *assets of the bankruptcy ;* and the persons making such unlawful preferences and payments shall receive no discharge under the provisions of this act: *Provided,* that all dealings and transactions, by and with any bankrupt, *bona fide* made and entered into, *more than two months* before *the petition* filed against him, or by him, shall not be *invalidated* by this act, provided the other party to any such dealings or transactions had no notice of a *prior* act of or of the intention of the bankrupt to take the benefit of this act, And in case it shall be made to appear to the Court, in the course of the proceedings in bankruptcy, that the bankrupt, his application being voluntary, has, subsequent to the first day of January last, or at any other time, in contemplation of the passage of a bankrupt law, by assignment or otherwise, given or secured any *preference* to one creditor over another, he shall not receive a discharge unless the same be assented to by a majority in interest of those of his creditors who have not been so *preferred : And provided also,* that nothing in this act contained shall be construed to annul, destroy, or impair any lawful rights of married women or minors, or any *liens, mortgages,* or other *securities* on property, real or personal, which may be *valid* by the *laws* of the *states* respectively, and which are not *inconsistent* with the *second* and *fifth sections* of this act. "

The fifth section provides for a *pro rata* equality in the distribution of the bankrupt's assets, among all his creditors, who should come in for distribution in the *proceedings* in bankruptcy, and those who come in are barred from maintaining any other suit for their debts.

The provisions of
the 5th section.

It is very obvious, from a most casual view of the statute, and especially of the second and fifth sections, that its framers looked to a proceeding in bankruptcy, under the statute, and to an equality in the division of the assets in that proceeding only, in the denunciation which they have made against all conveyances which secure a preference to any of the creditors. In that proceeding, and with a view to effect that object only, were all those conveyances or transfers declared void. And in case no proceeding in bankruptcy was taken, the state laws were not intended to be changed, superceded, or modified, in any respect. That this denunciation had reference to a proceeding in bankruptcy only, is clearly deducible from the language of the denunciation, as well as the subsequent clauses of the section. These conveyances are declared void and a *fraud upon the act*, and the *assignee* is authorized to sue for and recover the property as a part of the bankrupt's estate. The conveyances are void and a fraud upon the act, as to the assignee, and *he* may sue for the property, but are declared void as to no other, nor is any other authorized to treat them as void, or to come at or reach the property conveyed, except by and through the *assignee*, who can only be created by a proceeding in bankruptcy. Indeed the whole subsequent part of the section, which debars the bankrupt of his discharge, in case he has given any *unlawful preferences*, and which saves from invalidation all dealings and transactions, *bona fide* made, more than two months before the *petition* is filed, provided that the other party had no notice of a prior act of bankruptcy, or of the intention of the bankrupt to *take the benefit of the act*, and which provides for the protection of all *liens, mortgages, &c.* that are valid under the state laws, which are not inconsistent with the second and fifth sections of the act, all point to and have reference only to a proceeding in bankruptcy, and to the equality of distribution which was intended to be effected and which can alone be effected by that proceeding. The state courts cannot effect it, and not having the power to effect it, have nothing to do with the denunciation. The decision in this case, so far from effecting it, defeats it: for by declaring the conveyance void, the Court annuls an ac-

PROCTOR'S TRUSTEES
*vs*
WADESWORTH.

A conveyance in trust, preferring creditors, is valid under the laws of the State; and the 2d Sec. of the Bankrupt Law, (3 *Statute Law*, 595,) does not affect such a conveyance unless a proceeding in bankruptcy be instituted.

knowledged *bona fide* prior lien, and gives the whole of the property to a general creditor. And so he would declare it void at the instance of any other creditor, and convert a priority and preference in favor of one creditor, which is valid under the state laws, into a priority and preference in favor of another merely general creditor.

The judgment of the Circuit Court is reversed, and cause remanded, that a new trial may be granted without the payment of costs; and the appellants are entitled to their costs in this Court.

*Payne & Waller and McClung & Taylor* for plaintiffs: *Morehead & Reed* for defendant.